IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERIFONE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| POYNT CO., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff VeriFone, Inc. ("Plaintiff" or "Verifone"), by its undersigned attorneys, as and for its complaint against Defendant Poynt Co. ("Defendant" or "Poynt") alleges as follows:

## INTRODUCTORY STATEMENT

1.     Verifone is a global leader in electronic payment technology, including credit card reader terminals, software for credit card reader payment terminals, electronic payment transaction processing systems, and associated services.

2.     In 2013, Verifone launched POINT., an electronic payment platform that integrates various complex payment technologies in addition to credit cards, including emerging payment technologies, mobile wallets, loyalty, rewards, and EMV (the payment standard created by Europay, MasterCard, and Visa), in the United States.

3.     Verifone invested a great deal of resources in creating, advertising, and marketing the POINT. brand, and building public goodwill associating the POINT. mark with Verifone's high quality electronic payment products and services.

4.     VERIFONE POINT® and POINT.® are federally registered trademarks owned by Verifone.

5.       In 2015, well after Verifone launched POINT., Defendant Poynt launched its Poynt Smart Terminal, which is marketed as a "multipurpose device that combines the unlimited versatility of mobile with the latest in payments technology to create a future-proof terminal for the connected commerce era."

6.       Defendant filed a U.S. trademark application for the POYNT name, which Verifone opposed.

7.       Defendant Poynt and the Poynt Smart Terminal compete directly with Verifone and Verifone's POINT. products and services, and consumers are likely to be confused and incorrectly believe that Verifone is the source of Poynt's products and services.

8.       Concerned about the high likelihood of confusion among consumers between Defendant's Poynt Smart Terminal and Plaintiff's VERIFONE POINT and POINT. marks for highly similar goods and services, Verifone made efforts to communicate with Poynt in an attempt to resolve the issue, but Poynt refused to discuss resolving this dispute amicably. Verifone is therefore left without redress and  files this complaint to avoid confusion by consumers and for damages and an injunction to protect its investment and goodwill in its VERIFONE POINT and POINT. trademarks.

## NATURE OF THE ACTION

9.       This is an action for:

(i)       trademark infringement under 15 U.S.C. § 1114;

(ii)      false designation of origin under 15 U.S.C. § 1125(a);

(iii)     cybersquatting under 15 U.S.C. §1125(d);

(iv)     trademark dilution under 6 Del. C. § 3301 *et seq.*;

(v)      statutory unfair competition under 6 Del. C. § 2531 *et seq.*;

(vi)    trademark infringement and unfair competition under Delaware common law; and

(vii)    unjust enrichment under Delaware common law.

## JURISDICTION AND VENUE

10.    The Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because the action arises under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.* The Court has supplemental jurisdiction over the state law claims asserted in this action under 28 U.S.C. § 1367 because those claims are so related to the claims arising under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.*, that they form part of the same case and controversy under Article III of the United States Constitution. Jurisdiction over the state law causes of action is also proper under 28 U.S.C. § 1338(b) because claims of unfair competition are joined with substantial and related claims under the Federal Trademark laws.

11.    Personal jurisdiction is proper in this District because Defendant is incorporated in Delaware.

12.    Venue is proper in this District at least under 28 U.S.C. § 1391(b)(1) because Defendant is incorporated, and therefore resides, in Delaware.

## THE PARTIES

13.    Plaintiff, VeriFone, Inc., is a Delaware corporation with its principal place of business located at 88 West Plumeria Drive, San Jose, CA 95134.

14.    Upon information and belief, Defendant, Poynt Co., is a Delaware corporation with its principal place of business at 490 S. California Avenue, #200, Palo Alto, CA 94306.

## FACTS

### Introduction

15.     Verifone is a publicly traded company and a global leader in the fields of electronic payments, financial transaction services and electronic credit card reader payment terminals, computer software for credit card reader payment terminals, payment transaction processing systems and consulting and support services related thereto.

16.     Verifone is widely recognized as one of the largest companies in the field of payment transaction processing systems, with total revenues of approximately $8.7 billion during the five years ending October 31, 2015, including $2.0 billion in its last fiscal year alone.

17.     In January 2012, Verifone acquired Point, Northern Europe's largest provider of payment and gateway services and solutions for retailers.  Verifone announced that it intended to extend the Point platform throughout the region and beyond, with the aim of creating the world's largest infrastructure for rapid deployment of alternative payments.

18.     In mid-2013, Verifone launched Point**.**, a payment-as-a-service solution that simplifies the complexities of payment, in the United States.

19.     Verifone continues to develop, manufacture, distribute, and market a wide variety of technologies under the names VERIFONE, VERIFONE POINT, and POINT**.** throughout the United States, including electronic payment systems and services, such as computer hardware and software for use in connection with electronic credit card readers and payment services.

### The VERIFONE POINT Mark Is Protected by Federal Registration

20.     On or about May 28, 2013, Verifone commenced use of the mark VERIFONE POINT in U.S. commerce in connection with Payments as a Service, namely, providing:

> electronic processing of credit card transactions and electronic payments via a global computer network;

consulting services in the fields of electronic processing of credit card transactions, electronic payments and financial management of electronic processing of credit card transactions and electronic payments via a global computer network and consulting services in the field of information technology that enables electronic processing of credit card transactions and electronic payments via a global computer network; and

consulting services in the field of computer system security in relation to electronic processing of credit card transactions and electronic payments via a global computer network.

21.     On December 31, 2014, Verifone filed a use-based trademark application for the mark VERIFONE POINT with the United States Patent and Trademark Office ("USPTO"), claiming a date of first use and first use in commerce at least as early as May 28, 2013, in connection with the listed services.

22.     The trademark application for the mark VERIFONE POINT was assigned U.S. Application Serial No. 86493167, and published for opposition on August 18, 2015.

23.     On November 3, 2015, the USPTO issued Verifone U.S. Registration No. 4844307 for the mark VERIFONE POINT for the goods and services listed in the certificate of registration, attached as **Exhibit A**, the contents of which are incorporated by reference herein.

**The POINT. Mark Is Protected by Federal Registration**

24.     On or about May 28, 2013, Verifone commenced use of the mark POINT**.** in U.S. commerce in connection with:

computer programs for use in transaction processing and financial applications;

computer programs for use with printers, scanners, card readers, data capture devices, electronic and magnetic data sensors and computer peripherals; computer software for use in financial transactions retrieving data from and communications with electronic cash registers, point of sale terminals, computer peripherals and data entry and inquiry terminals for operations management and for processing and transferring credit and debit card transactions, payments and financial data and other data presented thereto, for retail, wholesale and service industry applications, for retail chains and outlets, superstores, department stores, hospitality and general

merchandise industry applications and computer software for such terminals;

computer software for controlling a point of sale (POS) terminal configuration and parameters, and for collecting and managing data from the point of sale;

computer software for use in debit card, credit card, smart card, loyalty card and secure payment transaction processing, financial applications, and electronic transfer of financial data;

computer software for use in financial, credit card, smart card, debit card, and electronic transaction security;

computer software for use in connecting a store computer to internet websites for credit card processing and e-commerce;

computer software for use in secured transmission of information, including credit card details;

computer program use for management and processing of secured transaction over the internet;

computer program for management of invoices and debit notes;

computer program for management of crediting and cancellation of financial transactions;

communication software used to enable users to exchange and transfer data between two different handheld computers, portable computers or computer stations;

communication software used to enable users to exchange and transfer data between two different handheld computers, portable computers or computer stations;

computer software for use in multichannel electronic payment financial transactions;

computer software for use in secure payment transaction; and

computer software for use in secure electronic commerce, Payments as a Service, (PaaS) namely, providing electronic processing of credit card transactions and electronic payments via a global computer network and related consulting services in the fields of electronic processing of credit card transactions, electronic payments and financial management of electronic

processing of credit card transactions and electronic payments via a global computer network.

25.     On December 31, 2014, Verifone filed a use-based trademark application for the mark POINT. with the USPTO, claiming a date of first use and first use in commerce at least as early as May 28, 2013, in connection with the listed goods and services.

26.     The trademark application for the mark POINT. was assigned U.S. Application Serial No. 86493174, and published for opposition on August 18, 2015.

27.     On November 3, 2015, the USPTO issued Verifone U.S. Registration No. 4844308 for the mark POINT. for the goods and services listed in the certificate of registration, attached as **Exhibit B**, the contents of which are incorporated by reference herein.

**Verifone's Continuous Use of the VERIFONE POINT and POINT. Marks**

28.     Since at least as early as May 28, 2013, Verifone has continuously advertised, marketed, distributed, and sold a payment management solution featuring computer software, consultation services, and Verifone terminal devices in the field of payment transaction processing systems throughout the United States under the VERIFONE POINT and POINT. marks.  Attached as **Exhibit C** are excerpts from Verifone's marketing and advertising material.

29.     Verifone's POINT. mark appears prominently on display screens generated by Verifone's electronic payment terminals.  Attached as **Exhibit D** are photographs of the POINT. mark appearing on screens of Verifone's electronic payment terminals.

30.     The VERIFONE POINT and POINT. marks appear prominently on Verifone's web pages, advertisements, and marketing material.

31.     Verifone has prominently displayed the VERIFONE POINT and POINT. marks at various trade shows throughout the United States.

32.     Since at least as early as October 2013, Verifone's web site has featured the VERIFONE POINT and POINT. marks.

## The VERIFONE POINT and POINT. Marks Are
## Strong and Have Acquired Distinctiveness

33.     The VERIFONE POINT and POINT. marks are strong and entitled to a broad scope of protection for payment transaction processing systems and related computer software and consultation services.

34.     Verifone has continuously used the VERIFONE POINT and POINT. marks throughout the United States for almost three years.

35.     Verifone has devoted and currently devotes significant resources to its promotional efforts of the VERIFONE POINT and POINT. marks throughout the United States.

36.     Verifone has conducted and currently conducts substantial national and local advertising and promotion featuring the VERIFONE POINT and POINT. marks.

37.     Through Verifone's substantially exclusive and continuous use and promotion, the VERIFONE POINT and POINT. marks have further become distinctive and uniquely associated with Verifone for payment transaction processing systems and related computer software and consultation services, and has acquired distinctiveness based upon extensive sales and advertising and continuous use for almost three years.

38.     Based upon Verifone's exclusive and continuous use of the VERIFONE POINT and POINT. marks for almost three years, Verifone's extensive sales of payment transaction processing systems and related computer software and consultation services, and Verifone's substantial resources allocated to marketing, advertising and promoting the VERIFONE POINT and POINT. marks, Plaintiff's VERIFONE POINT and POINT. marks have acquired

distinctiveness and secondary meaning in the trade and among relevant consumers throughout the United States.

39.     The goodwill in connection with Plaintiff's VERIFONE POINT and POINT. marks is strong and well developed and the reputation of Plaintiff's VERIFONE POINT and POINT. marks is excellent and well recognized throughout the payment transaction processing systems trade and by the general public.

40.     Plaintiff's VERIFONE POINT and POINT. marks are well known throughout the United States as a source of origin for Verifone's payment transaction processing systems products and services.

41.     Verifone's payment transaction processing systems products and services bearing the VERIFONE POINT and POINT. marks are advertised and marketed extensively throughout the United States.  Verifone has and continues to expend substantial resources establishing the VERIFONE POINT and POINT. marks in the minds of consumers as a source of payment transaction processing systems products and services.

42.     Today, the VERIFONE POINT and POINT. marks have become associated in the minds of purchasers as designations for Verifone's high quality payment transaction processing systems products and services.

**Poynt's Recent Founding and Acquisition of the Previously Unrelated POYNT Website**

43.     Upon information and belief, Defendant Poynt Co. was very recently founded to operate in the field of payment transaction processing products and services.  Attached as **Exhibit E** are excerpts from Defendant's website and Apple iTunes App Store dated February 19, 2016.

44.     Upon information and belief, sometime in mid-2015, Defendant Poynt acquired the domain name www.poynt.com from Poynt, Inc., a Canadian company located at 64 Jardin Drive, Unit 2/A Concord, Ontario, Canada L4K3P3.

45.     Upon information and belief, Poynt, Inc. provided technology for mobile local search and advertising.

46.     Upon information and belief, Poynt, Inc. used the domain name www.poynt.com in connection with a local mobile search computer application that allow users to request text, graphics, mapping, audio, video and audio-video content from, and receive such content to, Internet enabled devices.

47.     Upon information and belief, as of May 2015, the domain name www.poynt.com was still being used in connection with Poynt, Inc.'s mobile search product.  Attached as **Exhibit F** is an excerpt from the Internet Archive entry for the web site www.poynt.com dated May 6, 2015.

48.     Upon information and belief, in late 2015, the domain name www.poynt.com began to be used by Defendant Poynt to market and advertise the goods and services associated with Poynt Smart Terminal, described further below.  Attached as **Exhibit G** is an excerpt from the Internet Archive entry for the web site www.poynt.com dated September 6, 2015.

49.     Upon information and belief, at the time Defendant Poynt acquired the domain name www.poynt.com, it knew or should have known that Verifone was already using the marks VERIFONE POINT and POINT. in connection with substantially the same goods and services that Defendant Poynt intended to market on the website.

**Defendant's Trademark Application for the POYNT Name**

50.     Upon information and belief, Defendant Poynt commenced use of the POYNT name in connection with computer hardware, namely credit card readers and computer software used for payment transaction services, no earlier than September 2015.

51.     On or about October 15, 2014, Defendant filed an intent-to-use ("ITU") trademark application with the USPTO for the name POYNT in connection with "computer hardware; computer software to allow users to accept financial payments through multiple means," in International Class 09.

52.     The application was assigned U.S. Application Serial No. 86424322 and subsequently published for opposition on August 25, 2015.

53.     On September 22, 2015, Verifone filed a Notice of Opposition against POYNT's U.S. Application Serial No. 86424322 with the Trademark Trial & Appeal Board ("TTAB"), which assigned the matter Opposition No. 91223944.  Poynt answered the Notice of Opposition on October 28, 2015 and the Opposition is pending.

**Defendant's Use of the Confusingly Similar POYNT Mark in Commerce**

54.     Upon information and belief, Defendant commercially released an electronic credit card payment reader and associated computer software under the POYNT name in or about as September or October 2015 and currently sells, distributes and markets products and services under the POYNT name throughout the United States.

55.     Defendant's POYNT name is and/or incorporates a substantially identical and confusingly similar variation of Plaintiff's VERIFONE POINT and POINT**.** marks.

56.     Upon information and belief, Defendant's marketing materials and product packaging associated with the Poynt Smart Terminal, which are distributed throughout the

United States, prominently feature the POYNT name in connection with credit card payment reader and associated computer software.

57.    Upon information and belief, Defendant adopted the POYNT name after Verifone's date of first use and first use in commerce of the VERIFONE POINT and POINT. marks, *i.e.*, May 28, 2013.

58.    Defendant's web site www.poynt.com prominently features the POYNT name in connection with credit card payment reader and associated computer software.

59.    Defendant's Apple App Store listing prominently features the POYNT name in connection with credit card payment reader computer software applications.

60.    Defendant's products and services bearing the POYNT name are highly similar to products and services sold by Plaintiff under the VERIFONE POINT and POINT. marks.  Such products and services are marketed to the same or similar consumers, retail merchants, and professionals through similar channels of trade.

61.    Defendant's use, distribution and sale of products and services bearing the POYNT name create the false and deceptive commercial impression that Verifone sponsors, is affiliated with, or in some manner endorses Defendant's products and services.

62.    Defendant's use of the POYNT name, which is substantially similar to Plaintiff's VERIFONE POINT and POINT. marks, is likely to cause confusion, initial interest confusion, mistake, and/or deception of purchasers as to the source, sponsorship and affiliation of Defendant's products and services.

63.    Consumers, retail merchants, and industry professionals are likely to believe that Verifone is sponsoring, approving of, and/or affiliated with Defendant, thereby resulting in the possibility that Verifone will lose actual and/or potential sales to Defendant, damaging Plaintiff's

VERIFONE POINT and POINT. marks and the goodwill associated with Plaintiff's VERIFONE POINT and POINT. marks.

64.    Defendant's use of the POYNT name on the Poynt Smart Terminal and other branded products and services will dilute and tarnish the distinctive quality of Plaintiff's VERIFONE POINT and POINT. marks and brands, thereby damaging Plaintiff's VERIFONE POINT and POINT. marks and the goodwill associated with such marks.

65.    Defendant's use of the www.poynt.com domain name infringes Plaintiff's VERIFONE POINT and POINT. marks and brands, thereby damaging Plaintiff's VERIFONE POINT and POINT. marks.

66.    Upon information and belief, Defendant's first use in commerce of the POYNT name was long after the date of Verifone's first use of the VERIFONE POINT and POINT. marks, and Defendant has been and is fully aware of Plaintiff's continuous use of the VERIFONE POINT and POINT. marks prior to Defendant's first use in commerce of the POYNT name.

67.    Verifone requests that this Court prevent Defendant from continuing its damaging conduct by creating and continuing to create confusion, public deception, domain name infringement, and dilution of the VERIFONE POINT and POINT. marks.

### COUNT I
### (Infringement of a Registered Trademark in Violation of 15 U.S.C. § 1114(1)(a))

68.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 67 of this Complaint.

69.    As noted above, Plaintiff owns U.S. Registration No. 4844307 for the mark VERIFONE POINT and U.S. Registration No. 4844308 for the mark POINT. for the listed goods and services.

70.     Defendant's prominent use of its POYNT name, which is nearly identical to Plaintiff's VERIFONE POINT and POINT. marks, is likely to cause and/or has caused confusion, mistake, and deception of purchasers as to the source of origin of Defendant's goods and services.

71.     The infringement of these marks by Defendant has been willful and deliberate, designed specifically to trade upon the goodwill of Plaintiff's VERIFONE POINT and POINT. marks, all associated with Plaintiff's excellent reputation.

72.     The goodwill of Verifone's business under Plaintiff's VERIFONE POINT and POINT. marks is of significant value, and Plaintiff has suffered and will continue to suffer irreparable harm and injury should infringement be allowed to continue to the detriment of Plaintiff's trade reputation and goodwill.

73.     Defendant's infringement, if continued, will cause Verifone irreparable harm unless enjoined by this Court.

## COUNT II
### (False Designation of Origin in Violation of 15 U.S.C. § 1125(a))

74.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 73 of this Complaint.

75.     Defendant's prominent use of the POYNT name in connection with the same products and services as Verifone's constitutes a false designation of origin or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff's VERIFONE POINT and POINT. marks, and/or as to the origin, sponsorship or approval of Defendant's commercial activities by Verifone, and as a consequence are likely to divert customers away from Verifone.

76.     Verifone has no control over the nature and quality of Defendant's goods and services.  Any failure, neglect or default by Defendant in providing such goods or services will reflect adversely on Verifone as the believed source of origin thereof, hampering efforts by Verifone to continue to protect its outstanding reputation for high quality goods and services, resulting in loss of sales thereof and the considerable expenditure to promote its products and services under the VERIFONE POINT and POINT. marks, all to the irreparable harm of Plaintiff.

77.     Defendant's' use of the POYNT name has caused and is likely to cause confusion and false designation of origin in the trade and among the public.  This confusion constitutes irreparable harm and injury to Plaintiff, which will continue unless Defendant is enjoined by this Court.

### COUNT III
### (Cybersquatting in Violation of 15 U.S.C. § 1125(d))

78.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 77 of this Complaint.

79.     Defendant has used the domain name www.poynt.com in bad faith with intent to profit from the POYNT name which is identical or confusingly similar to Plaintiff's VERIFONE POINT and POINT. marks and intends to divert consumers from Plaintiff's online location to a site accessible under www.poynt.com such that Defendant's use harms the goodwill represented by Verifone's marks, either for commercial gain or with the intent to tarnish or disparage Verifone's mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site; and thus creates a likelihood of injury to Verifone's business.

80.     Defendant's cybersquatting has and will continue to cause Verifone irreparable harm unless enjoined by this Court.

## COUNT IV
### (*Trademark* Dilution Under the Delaware Trademark Act, 6 Del. C. §3301 *et seq.*)

81.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 80 of this Complaint.

82.     Defendant's use of Plaintiff's trademarks as hereinabove alleged creates a likelihood of injury to Verifone's business reputation and/or dilution of the distinctive quality of its VERIFONE POINT and POINT. marks, in violation of 6 Del. C. § 3301 *et seq.*

83.     Money damages will not adequately remedy Plaintiff's injuries, and Verifone is entitled to injunctive relief against Defendant's use of the POYNT name in commerce.

## COUNT V
### (Unfair Competition under Del. Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.*)

84.     Plaintiff hereby realleges and incorporates herein the allegations of Paragraphs 1 through 83 of this Complaint.

85.     By its acts, described above, Defendant has engaged in a deceptive trade practice in violation of 6 Del. C. §2532, *inter alia*, because, in the course of its business, it has caused and continues to cause likelihood of confusion or of misunderstanding as to (a) the source, sponsorship, approval, or certification of the POYNT goods and services by Verifone; or (b) affiliation, connection, or association, or certification of the POYNT goods and services by Verifone.

86.     Verifone is likely to be damaged by Defendant's deceptive trade practices and is entitled to an injunction.

## COUNT VI
### (Delaware Common Law Trademark Infringement And Unfair Competition)

87.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 86 of this Complaint.

88.     In addition to the federal trademark registrations owned by Verifone as set forth above, Plaintiff owns and uses the VERIFONE POINT and POINT**.** marks in various forms, iterations and styles and other unregistered marks incorporating similar designs in connection with a broad range of goods and services, which marks have not, as yet, been registered with the USPTO ("Verifone Unregistered Marks").

89.     Plaintiff owns and enjoys common law rights in the State of Delaware and throughout the United States in and to the Verifone Unregistered Marks for the goods and services set forth herein, which are superior to any rights which Defendant may claim in and to the POYNT names in any form or style with respect to the provision and sale of goods and services in connection with electronic payment.

90.     Defendant's use of the Verifone Unregistered Marks and associated trade dress in the State of Delaware and elsewhere throughout the United States have caused and will continue to cause confusion as to the source of Defendant's goods and services in that purchasers thereof will be likely to associate or have associated such goods and services with and as originating with the Verifone, all to the detriment of the Plaintiff.

91.     By committing the acts herein alleged, Defendant is engaging in unfair competition, deceptive advertising, and unfair trade practices, in violation of the Delaware common law of unfair competition, causing Verifone damages and loss of profits.

92.     Defendant's unlawful conduct has caused and will continue to cause Verifone irreparable harm unless enjoined by this Court.

## COUNT VII
### (Delaware Common Law Unjust Enrichment)

93.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 92 of this Complaint.

94.     By the acts alleged herein, Defendant has been enriched by revenues associated with the POYNT name, and Verifone has been impoverished in commensurate degree by the loss of revenues in connection with goods and services associated with the VERIFONE POINT and POINT. marks.

95.     There is no justification for Defendant's adoption of the POYNT name being substantially identical to Verifone's VERIFONE POINT and POINT. marks, and Plaintiff has no adequate remedy at law.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues in this matter so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant it the following relief:

A.     Adjudge that Plaintiff's VERIFONE POINT and POINT. trademarks have been infringed by Defendant in violation of Plaintiff's rights under common law, 15 U.S.C. § 1114, and/or Delaware law;

B.     Adjudge that Defendant engaged in false designation of origin in violation of Plaintiff's rights under 15 U.S.C. § 1125(a);

C.     Adjudge that Defendant has engaged in unfair competition in violation of Plaintiff's rights under common law and/or Delaware law;

D.     Adjudge that Defendant's activities are likely to dilute Plaintiff's VERIFONE POINT and POINT. trademarks in violation of Plaintiff's rights under Delaware law;

E.      Adjudge that Defendant's activities constitute cybersquatting in violation of 15 U.S.C. § 1125(d) and order that ownership of the domain name www.poynt.com to be transferred to Verifone;

F.      Adjudge that Defendant and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be preliminarily and permanently enjoined and restrained from:

      i.      manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble Plaintiff's VERIFONE POINT and POINT. trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product or service that is not authorized by or for Plaintiff, including the Poynt Smart Terminal and any goods or services bearing the POYNT name for which Defendant is responsible, or any other approximation of Plaintiff's trademarks;

      ii.     using any word, term, name, symbol, device or combination thereof, including without limitation any domain name or other Internet signifier, that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendant or its products with Verifone, or as to the origin of Defendant's goods or services, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising;

      iii.    further infringing the rights of Verifone in and to its VERIFONE POINT and POINT. trademarks in its VERIFONE POINT and POINT. brand products or otherwise damaging Plaintiff's goodwill or business reputation;

iv.        further diluting the VERIFONE POINT and POINT. trademarks;

v.        otherwise competing unfairly with Plaintiff in any manner; and

vi.        continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

G.        Adjudge that Defendant be required immediately to deliver to Plaintiff's counsel its entire inventory of infringing products that are in its possession or subject to its control and that infringe Verifone's trademarks as alleged in this Complaint;

H.        Adjudge that Defendant, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon Verifone or its counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

I.        Adjudge that Verifone recover from Defendant its damages and lost profits, and Defendant's profits, in an amount to be proven at trial, as well as triple and/or punitive damages under Delaware law;

J.        Adjudge that Defendant be required to account for any profits that are attributable to its unlawful acts, and that Verifone be awarded (1) Defendant's profits and (2) all damages sustained by Verifone, under 15 U.S.C. § 1117, plus prejudgment interest;

K.        Adjudge that the this is an exceptional case, and that amounts awarded to Plaintiff pursuant to 15 U.S.C. § 1117 and/or any other applicable statute shall be trebled;

L.        Order an accounting of and impose a constructive trust on all of Defendant's funds and assets that arise out of its infringing activities;

M.      Adjudge that Plaintiff be awarded its costs and disbursements incurred in connection with this action, including Plaintiff's reasonable attorneys' fees and other expenses; and

N.      Adjudge that all such other relief be awarded to Plaintiff as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Guy Yonay
Todd Braverman
PEARL COHEN ZEDEK LATZER
    BARATZ LLP
1500 Broadway
12th Floor
New York, NY 10036
(646) 878-0800

February 24, 2016